UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Douglas Risen | Gregory Hurley |
| Jason Brodsky | Michael Chilleen |

**Proceedings:** **PLAINTIFFS' MOTION TO FOR CLASS CERTIFICATION AND APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL** (filed 5/23/08)

## I. INTRODUCTION

On February 25, 2008, plaintiffs Sung Park, Rosaura Navar, and the American Disability Institute ("ADI") filed a putative class action, in Los Angeles County Superior Court, against defendant Ralph's Grocery Company ("Ralph's") for discrimination against patrons who use wheelchairs or scooters for mobility. Plaintiffs claim that defendant's parking lots, restrooms, and counters create barriers to access in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*, and the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.* Plaintiffs seek injunctive relief, statutory damages and attorneys' fees and costs for discrimination at all of defendant's California stores except the 23 locations that are part of the litigation in Pereira v. Ralph's, CV-07-841 PA (FFMx). Defendant removed this action to this Court on March 26, 2008.

On May 23, 2008, plaintiffs filed the instant motion to certify a class and appoint class representatives and class counsel. On August 5, 2008, defendant filed its opposition. On September 29, 2008, plaintiffs filed their reply. The Court finds and concludes as follows.

## II. BACKGROUND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

Park and Navar are California residents who are disabled as defined by the ADA. Compl. ¶¶ 11-12. Both are members of the ADI, which is a "non-profit advocacy group that seeks to make public accommodations available to all individuals by ensuring that public property is in compliance with" federal and state disabilities statutes. Compl. ¶¶ 11-13. Park and Navar have experienced discrimination at defendant's stores and have "obtained actual notice of Title III ADA violations at Defendant's additional stores [they have] not visited via information disseminated by [ADI], including, but not limited to, reports of inspections conducted by building experts hired by Plaintiffs' counsel." Compl. ¶¶ 11-12. Plaintiffs claim that, in February 2008, Park visited nine stores and Navar visited ten stores and encountered "barriers to equal access." Compl. ¶¶ 30, 31. Park and Navar contend that they would have visited more of defendant's California stores but for their "actual notice of [defendant's] discriminatory barriers to the mobility impaired." Id. Park and Navar further contend that they intend "to return to Defendant's properties for the dual purpose of availing [themselves] of the goods and services offered to the public at such properties, and to ensure that hose properties cease evading their responsibilities under the laws of the State of California." Id.

Defendant argue that ADI is not a legitimate advocacy group and exists to "sue businesses without giving any prior notice or opportunity to cure alleged ADA violations. Opp'n at 3. Defendants contend that Park does not shop at Ralph's and visited Ralph's with ADA inspector Frank Ferreiro. Opp'n at 4. Park indicated that he tries to avoid shopping at Ralph's.

> I don't really go shopping a lot these days. But whenever I go shopping, if I need to, then if there's a Ralph's available – if that's the only thing available then I go to Ralph's. But if there's something else I try to go somewhere else because I don't feel comfortable shopping at Ralph's.

Chilleen Decl. Ex. E at 36. Defendants further contend that plaintiff visited Ralph's stores that were 45 to 60 miles away from his house because the stores near Park's house are admittedly accessible. Opp'n at 4.

Q: So the two Ralph's stores in Murrieta you don't have any problems?
A: No.
Q: Do you still shop there?
A: No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

> Q: If there's no problems there then why don't you shop there?
> A: Because it's still Ralph's.
> Q: So even if the Ralph's stores in this lawsuit are fixed, you don't plan to return there?
> A: I plan to return there just to see if it's been fixed or if I really have to go buy something from the grocery.

Chilleen Decl. Ex. E at 37. Moreover, defendants contend that Park went to each Ralph's store on the same day and did not buy anything. Opp'n at 4-5.

> Q: Now, for each of these stores I've just identified, you've only visited those stores once and that was on February 15th, 2008?
> A: Yes.
> Q: You visited them because they were on the list that you received from Frank Ferreiro; is that correct?
> A: Yes.
> Q: And you visited them for the purpose of seeing if they were ADA compliant?
> A: Yes.
> Q: You did not do any shopping at these stores; is that correct?
> A: I didn't.

Chilleen Decl. Ex. E at 41-42. However, Park clearly testified that he regularly shops at two of defendant's stores and encountered access barriers in both the parking lot and the restrooms. Reply at 9.

> Q: On those occasions where you encountered parking issues, were you able to eventually park and shop or did you leave?
> A: If there was a parking lot far away that had a lot of empty spaces, I'd park there. But if not, I had to leave because there was no way to get my wheelchair out from the car.
> ...
> Q: On any occasions were you not able to use the restroom, meaning you tried and no one helped you and you actually left to go to the restroom somewhere else?
> A: Yes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

Smith Decl. Ex. B at 45-46, 50.

      Similarly, defendant contends that Navar visited ten Ralph's stores with Ferreiro in February 2008 that were 15 to 30 miles away from her house and that the Ralph's stores near her house are not part of this lawsuit. Id. at 5. Navar had never been to nine of the ten Ralph's stores that she visited with Ferreiro. Chilleen Decl. Ex. F at 65-87. Plaintiff further contends that Navar visited all ten stores on the same day and made "petty" purchases. Id.

> Q: You visited all these ten stores on the same date?
> A: Yes
> ...
> Q: Is there any reason you bought items at each one of these stores in the same day on February 21st rather than just buying them at one Ralph's store
> A: No

Chilleen Decl. Ex. F at 86-88. However, Navar testified that she frequently shops at Ralph's and has encountered accessibility problems when she tried to use Ralph's restrooms. Reply at 9.

> Q: Were you able to use the restroom?
> A: No I wasn't.
> Q: That was because –
> A: The toilets.
> Q: – the toilets were too high?
> A: Yes.

Smith Decl. Ex. A at 46, 50.

      Plaintiffs seek to certify the following class:

> All individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by this Court, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

accommodations of all corporate owned Ralphs' Grocery Company stores in California excluding the 23 locations presently the subject of litigation in Pereira v. Ralph's, CV-07-841 PA (FFMx).

Mot. at 1. Plaintiffs also seek to have Park and Navar appointed as lead plaintiffs and the law firms of Brodsky & Smith, LLC and Berger & Montague, P.C. appointed as class counsel. Id. Plaintiffs further seek an injunction "ordering Ralph's to adopt policies to ensure access for customers who use wheelchairs or scooters, and use its centralized policies to bring all of its stores into compliance" with the ADA, Unruh Act, and CDPA. Id. at 2. The putative class also seeks the minimum statutory damages per offense under the Unruh Act and CDPA. Id.

### III. LEGAL STANDARD

#### A. Class Certification

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth prima facie facts that support the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." Falcon, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442, U.S. 682, 701 (1979)).

If the district court finds that the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

Plaintiff seeks certification under Rule 23(b)(2). A class is maintainable under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) is not appropriate for all classes and does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1186 (9th Cir. 2007) (quotations omitted). The Ninth Circuit has declined to adopt a bright line rule distinguishing between incidental and nonincidental damages. Molski v. Gleich, 318 F.3d 937, 950 (9th Cir. 2003). Instead, courts in this Circuit must "examine the specific facts and circumstances of each case, focusing predominantly on the plaintiffs' intent in bringing the suit." Dukes, 509 F.3d at 1186. To certify a class under Rule 23(b)(2) there must be a finding that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." Id. (quoting Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 164 (2d Cir. 2001)).

IV.   DISCUSSION

   A.   Standing

Defendant argues that plaintiffs do not have standing to assert claims on behalf of the purported class because they cannot show "injury in fact." Opp'n at 5-6 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Specifically, defendant argues that plaintiffs cannot show that they are likely to return to patronize any of defendant's stores. Opp'n at 6; Wilson v. Kayo Oil Co., 535 F. Supp. 2d 1063, 1067 (S.D. Cal 2007) ("To show that he has suffered an injury in fact, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question ... an ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that he intends to return to the facility") (internal quotations and citations omitted). Defendant further argues that plaintiff's intent to visit defendant's stores to check for ADA violations is insufficient to confer standing. Opp'n at 6 (citing Harris v. Stonecrest Care Auto Center LLC, 472 F. Supp. 2d 1208, 1218 (C.D. Cal 2007); Wilson, 535 F. Supp. 2d at 1070).

Defendant contends that Park visited all nine Ralph stores for the sole purpose of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

checking for ADA violations in February 2008 and had not been to any of those stores on any other occasion between the time he became disabled and the filing of this suit. Opp'n at 7. Defendant further contends that Park's intent to visit these stores to check for ADA violations is insufficient to confer standing. Id. Similarly, defendant contends that Navar visited ten Ralph stores to check for ADA violations in February 2008 and that her claims that she plans to return to all ten stores to shop is incredulous, given that she had only shopped at one of these stores prior to February 2008 and the distance of these stores from her home. Opp'n at 8.

Defendant further argues that plaintiffs lack standing as to the 90 Ralph's stores that they have never visited because they cannot establish an intent to return to those stores. Id. at 11. Defendant argues that in an "ADA barrier case, the named plaintiffs must show that they have individual standing with respect to each store at issue." Opp'n at 12 (citing Small v. General Nutrition Companies, Inc., 388 F. Supp. 2d 83 (E.D.N.Y. 2005)).

Plaintiffs respond that defendant's standing argument is irrelevant as to the class's state law claims because, in addition to filing a claim under the Unruh Act or DPA to recover damages, "a plaintiff may also file an action under Section 55 to enjoin any technical violation of California's access laws, in which case she will not be required to prove an actual attempt to access the facility or to prove that the violation results from discrimination." Reply at 6 (citing Molski v. Arciero Wine Group, 164 Cal. App. 4th 786, 792 (2008); Donald v. Café' Royale, Inc., 218 Cal. App. 3d 168 (1990)).

Plaintiffs further argue that they have standing as to the ADA claim because Park and Navar are "mobility impaired wheelchair bound individuals that are Ralph's club members and have suffered discrimination." Id. Plaintiffs contend that they are not required to engage in the "futile gesture of going to all two hundred plus stores in order to have standing." Id. at 7 (citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136 (9th Cir. 2002); Celano v. Mariott, 2008 WL 239306 (N.D. Cal. April 18, 2007)). Plaintiffs argue that once a plaintiff has become aware of discriminatory conditions at a public accommodation and is thereby deterred from visiting or patronizing the accommodation, the plaintiff has suffered injury. Id.

Moreover, plaintiffs argue that Park shops at Ralph's and encountered discrimination while shopping there. Reply at 9. Specifically, Park could not find

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

handicap parking at Ralph's, forcing him to look for several adjacent empty spaces or leave the parking lot. Id. (citing Smith Decl. Ex. B at 45-46). Park also had trouble using the restroom at Ralph's on five to ten occasions. Id. Similarly, plaintiffs argue that Navar frequently shops at Ralph's and has encountered accessibility problems in using Ralph's restrooms. Id. (citing Smith Decl. Ex. A at 46, 50).

Additionally, plaintiffs contend that patrons who return to public accommodations merely to check for ADA violations have standing. Reply at 10-11 (citing Molski v. Price, 224 F.R.D. 479, 484; Organization for the Advancement of Minorities with Disabilities v. The Brick Oven Restaurant, 406 F. Supp. 2d 1120, 1126 (S.D. Cal. 2005). Therefore, plaintiffs argue that Park and Navar's intention to return for the dual purpose of shopping and checking for ADA violations is legitimate.

The Court concludes that plaintiffs have standing to bring this suit. In order to establish standing, an ADA plaintiff can demonstrate a "real and immediate threat of future injury" by showing an intent to return to the accommodation. Harris, 472 F. Supp. 2d at 1218. In evaluating an ADA plaintiff's claim that he intends to return to a facility, courts examine "four factors: (1) the proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the accommodation in question." Wilson, 535 F. Supp. 2d at 1067. A plaintiff's motivations for returning to the accommodation are irrelevant. Molski, 224 F.R.D. at 484 ("The Court holds that Plaintiff's motivation-but not his intent-to return to the service station is irrelevant to determining standing"). In the instant case, Park and Navar live in reasonable proximity to several of defendant's inaccessible stores, have patronized Ralph's stores in the past, have stated that they have definite plans to return, and travel near some of defendant's stores that are in violation of the ADA. Smith Decl. Ex. A at 46, 50; Smith Decl. Ex. B at 33, 34.

Furthermore, the Court concludes that plaintiffs are not required to show an intent to visit every store listed in their complaint.[1] Pickern, 293 F.3d at 1138 (citing Parr v.

---

[1] At oral argument, counsel for defendant argued that none of the cases cited in the briefs supported the Court's conclusion. However, the Court's conclusion is adequately supported by relevant case law. Parr, 96 F. Supp. 2d at 1081 ("Once Plaintiff either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

L&L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1080-81 (D. Haw. 2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim ... to obtain effective relief.")).

**B.     Class Certification**

    **1.     Numerosity**

Plaintiff argues that census figures demonstrate that approximately 151,580 non-institutionalized people over 16 years of age in California use wheelchairs. Smith Decl. Ex. A. Plaintiffs contend that from January 23, 2006, to August 15, 2007, there were 213,111 visits by paying customers using wheelchairs or scooters to the 23 Ralph's locations that are subject to the litigation in Pereira v. Ralphs and argue that this number would only increase if the analysis was expanded to all of defendant's locations in California. Mot. at 14; Smith Decl. Ex. C. Plaintiff argues that the class is geographically dispersed throughout the state and class members are difficult to identify. Mot. at 14-15. Plaintiff contends that these considerations taken together with the size of the class make joinder impracticable.

Defendant argues that plaintiffs' proposed class should not be certified because it is not "ascertainable" or "manageable." Opp'n at 14. Defendant argues that the census data proffered by plaintiff showing over 150,000 potential class members is insufficient because plaintiff has failed to

    (1) find a way to identify the 150,000 potential class members; (2) determine which of the 150,000 individuals who are disabled for census purposes are also

---

encountered discrimination or learned of the alleged violations through expert findings or personal observation, he had 'actual notice' that Defendant did not intend to comply with the ADA. Because Plaintiff is not required to engage in a 'futile gesture,' Plaintiff should be allowed to sue for the violations he did not encounter"); Celano, WL 239306 at *7 ("The court concludes that all three plaintiffs have standing to bring their ADA claim as to all twenty-six of Marriott's courses nationwide ... [i]t is unnecessary that plaintiffs actually visit each of the golf courses to have been deterred from playing there").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

    disabled for purposes of the ADA; (3) identify how many of those disabled individuals have sought to patronize Ralph's; and (4) identify which of those individuals have suffered discrimination at Ralph's

Opp'n at 15 (citing Green v. Borg-Warner Protective Services Corp., 1998 WL 17719 at *1-4 (S.D.N.Y. Jan. 16, 1998); Mazus v. Dep't of Transp., 489 F. Supp. 376, 378 fn. 3, 387-88 (M.D. Pa. 1979)).

    The Court concludes that plaintiffs have satisfied the numerosity requirement. Given that there are over 150,000 non-institutionalized people over 16 years of age in California who use wheelchairs, it is clear that a substantial number of people would be affected by defendant's alleged access barriers. Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439, 448 (N.D. Cal. 1994) (extrapolating from evidence that there are over 175,000 wheelchair users in California that the number of persons affected by the alleged access violations at defendant's 70 theaters was in the thousands). Furthermore, members of the class are unknown and cannot be readily identified, making joinder impracticable or impossible. Moeller v. Taco Bell Corp., 220 F.R.D. 604, 608 (N.D. Cal. 2004).

    2.    **Commonality**

    Plaintiff argues that there are questions of law and fact common to the class because of common architectural barriers and defendant's common policies and practices. Plaintiff argues that putative class members have encountered the same types of barriers at defendant's stores, which is sufficient to establish commonality. Mot. at 15 (citing Moeller , 220 F.R.D. 604). Plaintiffs further argue that defendant's "Disabled Patrons" policy regarding accessability to its bathrooms and parking lots is legally deficient. Mot. at 17. Specifically, plaintiffs argue that defendant's "Disabled Patrons" policy creates a number of common factual and legal questions, including (1) whether defendant failed to create policies concerning the accessability of its parking lots and restrooms and (2) whether defendant created a policy to ignore accessibility for the mobility impaired in its restrooms and parking lots unless it was sued. Mot. at 17. Plaintiffs further argue that defendant's inadequate "Disabled Patrons" policy and/or lack of required policies, all result from a centralized decision-making process, making certification particularly appropriate. Id. at 17-18. Moreover, plaintiffs contend that since they are seeking only minimum statutory damages per offense, the damages issue for each class member are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

"almost identical." Id. at 18.

  Defendant argues that individualized issues predominate plaintiffs' claims. Opp'n at 15. Defendant argues that members of the putative class did not encounter common architectural barriers because each Ralph's store "possesses a unique architectural style." Opp'n at 16.; Kirkland Decl. ¶ 5. Defendant further argues that it leases many of its stores from landlords and some stores were constructed before the ADA was enacted. Opp'n at 16. Defendant also contends that plaintiffs are "challenging numerous different types of alleged barriers" that need to be assessed individually at each store. Id. at 16-17 (citing Access Now Inc. v. Walt Disney World Co., 211 F.R.D. 452, 455 (M.D. Fla. 2001)). Defendant further contends that plaintiff cannot meet the commonality requirement by "characterizing their claims as challenging Ralph's Disabled Patron Policy" because its stores are architecturally diverse. Opp'n at 18. Defendant further argues that even though plaintiffs are seeking the minimum statutory damages per offense, such damages require particularized findings as to each class member because the damage claims of some putative class members would potentially include deterrence damages.

  The Court concludes that plaintiffs have sufficiently shown common questions of law and fact to satisfy the commonality requirement. Despite differences from store to store, the alleged accessability barriers affect all wheelchair users in the same way. E.g. Moeller, 220 F.R.D. 604; Arnold, 158 F.R.D. at 449; cf. Access Now Inc., 211 F.R.D. at 454-55 (declining to certify a class on commonality grounds because of differences in barriers at Walt Disney World Co.'s hotels, theme parks, and monorail systems). Furthermore, because plaintiffs are seeking the minimum statutory damages per violation, "the only damages issues not common to the class is the simple question of the number of instances that individual class members were aggrieved by inadequate accommodations." Moeller, 220 F.R.D. at 68. These damage issues are not so complicated as to defeat the plaintiff's showing of commonality.

  **3. Typicality**

  Plaintiffs argue that their claims are typical of those of the class. Mot. at 19 (citing Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001) ("We do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the

Case 2:08-cv-02021-PA-RC   Document 82   Filed 10/06/08   Page 12 of 15   Page ID #:1935

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

injuries result from the same, injurious course of conduct")). Plaintiffs argue that Park and Navar, like members of the proposed class, use wheelchairs for mobility and encountered discriminatory barriers and policies at defendant's stores. Id. at 20.

Defendant argues that plaintiffs' claims are not typical of the claims of the putative class because there "can be no 'typical' claims in this case ... [e]ach class member's specific disability and experience with Ralph's will determine the nature of each claim." Opp'n at 20-21.

The Court concludes that plaintiffs' claims are typical of those of the class. Park and Navar use wheelchairs for mobility and allege that they have encountered access barriers at defendant's stores. In light of these facts "there can be no question that these named plaintiffs possess the same interests, have suffered the same alleged injuries, and rely on the same legal theories as the other members of the proposed class." Arnold 158 F.R.D. at 450.

### 4.     Adequacy of Representation

Plaintiffs argue that Park and Navar are adequate class representatives because they do not have conflicts of interest with the proposed class and they are represented by qualified counsel. Mot. at 20 (citing Bates v. United Parcel Serv., 204 F.R.D. 440, 448 (N.D. Cal. 2001)). Plaintiffs argue that Park and Navar are members of the class who will "vigorously prosecute this case on behalf of the class." Plaintiffs further argue that Brodsky & Smith has "extensive experience in civil rights, class action, and complex litigation matters," including ADA class action suits. Id. at 20-21. Similarly, plaintiffs contend that Berger & Montague have 35 years of experience handling "major complex litigation," including "the trial of the Exxon Valdez Oil Spill," the nationwide "School Asbestos Litigation," and several major antitrust cases. Id. at 21-22.

Defendant argues that plaintiffs are not adequate because they lack standing, their understanding of the class is at odds with their complaint and motion for class certification, and they did not adequately investigate the qualifications of their attorneys. Opp'n at 21-22. Specifically, defendant argues that Navar incorrectly testified that the proposed class includes blind and deaf people and the 23 stores that are not part of this litigation. Opp'n at 22; Chilleen Decl. Ex. F at 92-93. Defendant further argues that plaintiffs did not check their attorneys' credentials or experience in ADA class actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

Id. Defendant also contends that there is an inherent conflict between class members with and without actual damages. Opp'n at 22. Defendant argues that "[p]laintiffs have taken an antagonistic position to certain members of the class by seeking to unilaterally waive the right to seek actual damages." Id.

Additionally, defendant argues that plaintiffs have failed to prove the adequacy of their counsel. Defendant contends that the Court cannot consider Brodsky & Smith's firm website and resume because they are "unauthenticated hearsay." Id. at 23. Defendants further contend that Brodsky & Smith has a "practice of putting its own fees ahead of the interests of the absent class members." Id.

Plaintiff responds that Park has spent an estimated 25 hours preparing for this action and Navar has spent 10-15 hours doing the same. Id. at 22. Moreover, plaintiffs argue that there is no requirement that representative plaintiffs be knowledgeable of the allegations or legal theories of their lawsuits. Id. at 23 (citing Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 366, 373-74 (1966); Paper Sys. Inc. v. Mitsubishi Corp., 193 F.R.D. 601, 609 (E.D. Wis. 2000)).

The Court concludes that Park and Navar are adequate representatives because they do not have a conflict of interest with other class members and they are represented by competent counsel. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 462 (9th Cir. 2000). Representative plaintiffs do not need to have intimate knowledge of the allegations. Brink v. First Credit Res., 185 F.R.D. 567, 571 (D. Ariz. 1999) ("plaintiff need not possess no more than marginal familiarity with the facts of his case, and need not fully understand the legal theories, particularly when he or she is represented by competent counsel."). Furthermore, based on their extensive experience in complex litigation, the Court concludes that the Brodsky & Smith and Berger & Montague are competent class counsel.

5.   23(b)(2)

Plaintiffs argue that a class that seeks monetary relief and injunctive relief should be certified under Rule 23(b)(2) when injunctive relief is the predominant form of relief sought by the class. Mot. at 23 (citing Molski v. Gleich, 318 F.3d 937, 949-50 (9th Circuit 2003)). Plaintiffs further argue that the Ninth Circuit has held that injunctive relief is the predominant form of relief sought when plaintiffs are seeking only minimum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

statutory damages.  Id.

Defendant argues that injunctive relief is not the primary remedy sought and that "this case is primarily about money damages and attorneys' fees."  Defendant argues that plaintiffs' monetary claims may exceed $100 million and that the remediation of all alleged barriers would cost less than $1 million dollars.  Opp'n at 24, Kirkland Decl. ¶ 13.  Therefore, defendant argues, plaintiffs' monetary claims account for 99% of the relief sought.  Opp'n at 23.  Defendant further argues that plaintiffs cannot implicate a systemwide corporate policy and therefore certification under Rule 23(b)(2) is inappropriate.  Opp'n at 24 (citing Lang v. Kansas City Power & Light Co., 199 F.R.D. 640, 648 (W.D. Mo. 2001)).  Additionally, defendant argues that class certification is improper because it is unnecessary to accomplish plaintiff's "claimed objectives of injunctive relief."  Id. (citing Access Now, 211 F.R.D. at 455; Women's Health Center of West Country, Inc. v. Webster, 670 F. Supp. 845 (E.D. Mo. 1987)).  Defendant contends that class treatment would "add no benefit to the case, but ... would needlessly increase costs and attorneys' fees."  Opp'n at 25.

Plaintiffs respond that the cost of remedying the ADA violations does not represent the value of the injunctive relief to the class.  Reply at 24-25.  Moreover, plaintiffs argue that their civil rights claims are "precisely the sort of claims that Rule 23(b)(2) was designed to facilitate."  Molski, 318 F.3d at 1047.

The Court concludes that, by alleging that defendant's stores have common barriers to access, plaintiffs have shown that defendant act on grounds generally applicable to the class.  In cases where plaintiffs seek minimum statutory damages in addition to injunctive relief to remove access barriers, courts have considered damages incidental to injunctive relief and certified a class under Rule 23(b)(2).  Molski, 318 F.2d at 950; Moeller, 220 F.R.D. at 612-13.  The Court concludes that "essential goal" of this litigation and plaintiffs' primary intent is to obtain injunctive relief to remove the access barriers at defendant's stores.  Molski, 318 F.2d at 950.  Furthermore, this Court refuses to deny certification simply because class adjudication is not strictly necessary in this case.  Brown v. Scott, 602 F. 2d 791, 795 (7th Cir. 1979) ("if the requirements of Rule 23 are satisfied, class certification should not be refused because of lack of need").

## V.     CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2021 CAS (RCx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | SUNG PARK; ET AL. v. RALPH'S GROCERY COMPANY, ETC. | | |

In accordance with the foregoing, the Court GRANTS plaintiff's motion and certifies the following class:

All individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by this Court, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of all corporate owned Ralphs' Grocery Company stores in California excluding the 23 locations presently the subject of litigation in Pereira v. Ralph's, CV-07-841 PA (FFMx).

The Court further appoints Park and Navar lead plaintiffs and appoints Brodsky & Smith and Berger & Montague as class counsel.

IT IS SO ORDERED.

|  |  | 00 | : | 14 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |